## Mulholland v. Pittsburgh National Bank

*Johnston & Coho,* for plaintiffs.

*Griggs, Moreland, Blair & Douglass,* for defendants.

WEIR, J., December 7, 1960.—Plaintiff filed a complaint in equity against Pittsburgh National Bank seeking to have inter vivos trusts declared null, void and of no effect on the basis of fraud, duress and undue influence. The instruments were signed in 1951 and since that date have been administered by defendant. There is no allegation of any wrong being committed by defendant.

Defendant filed a preliminary objection to the complaint on the sole question of whether or not this court has jurisdiction of the subject matter of the case.

Defendant contends that section 301(3) of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301(3), grants exclusive jurisdiction to the orphans' court. It provides:

"The administration and distribution of the real and personal property of inter vivos trusts whether created before or after the effective date of this act, except any inter vivos trust created before the effective date of this act, jurisdiction of which already has been acquired by another Pennsylvania court . . ."

Unquestionably this act relates to the administration of the inter vivos trusts. However, the gravamen of the instant complaint does not attack the performance of the trustee's duties but rather goes to the very essence of the question of whether there are valid trust agreements in existence.

Such being the case, we do not feel that the Orphans' Court Act of August 10, 1951 deprives this court of jurisdiction.

Accordingly, defendant's preliminary objection attacking the jurisdiction of the court of common pleas will be dismissed.